# JEWETT *v.* MOSES.

---

### EVIDENCE; RELEASE.

Parol evidence is inadmissible to show that a written release of a cause of

---

Note.—On right, in action at law, to attack release for fraud, see note in 20 L.R.A. (N.S.) 915.

action for personal injuries was coupled with an oral agreement on the part of the party released to employ the party releasing and to take care of his attorneys; and where there is nothing to show that the party signing the release was induced to do so by any fraudulent representation, and that he had an opportunity to read it before signing it, it is binding upon him.

No. 3002.   Submitted February 9, 1917.   Decided April 9, 1917.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, directed by the court, in an action for breach of a contract of employment.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action for the breach of a contract for employment.

It appears that plaintiff, Arthur R. Jewett, had been in the employ of W. Henderson Moses and Harry C. Moses, trading as W. B. Moses & Sons, and was injured by the falling of a roll of carpet in their store.   He executed a contract for release. Alleging the failure of defendants to give him employment as contracted, he brought this action for damages.   Defendants pleaded a release of the cause of action, and issue was joined.

Plaintiff was employed in the Woodward Building during the pendency of this action.   He met Mr. Mount, attorney for defendants, who, together with plaintiff's attorneys, had offices in the Woodward Building.   Mr. Mount invited plaintiff to his office and there proposed a settlement of the cause of action, and said that he would get plaintiff $100 for his damages and get him back his position, which plaintiff said he would accept. He said he told Mr. Mount he could not settle unless he would take care of his, plaintiff's, attorneys.   Mount told him he would, and not to go to his attorneys; and he had nothing to do with his attorneys about it.   Plaintiff further testified that the agent of defendants called at the Woodward Building with an automobile and took plaintiff down to defendants' business place; that one Morrissey, defendants' agent, met plaintiff and

told him that if he lost his position, he would take care of plaintiff. Morrissey denied that he promised to take plaintiff back.

The contract of release offered to plaintiff and signed by him provided that in consideration of $100, plaintiff released all claims and demands by reason of the action pending. Plaintiff, it seems, had an opportunity to read the contract, but did not do so. He admitted the receipt of the $100. Plaintiff afterwards returned and asked for employment, which was not given him.

On this evidence the court directed a verdict for the defendants.

*Mr. W. Gwynn Gardiner* and *Mr. Blaine Coppinger* for the appellant.

*Mr. Wade H. Ellis, Mr. R. Golden Donaldson,* and *Mr. Abner H. Ferguson* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

All of the argument that has here been made in respect of the rights of the attorneys may be put aside. They had no assignment or lien, and have not made themselves parties to the action.

This is not a case of the misrepresentation of a fact, but a promise to do something in the future. The contract, therefore, was not based on any misrepresentation as to its actual contents. It amounts, then, to this: Plaintiff seeks to vary the written contract by inserting therein a provision for his employment and the settlement of his attorneys. The contract is complete in itself, and cannot be varied by such parol provision. The party was not induced to sign the contract by any fraudulent misrepresentation of fact, and he must abide by it.

The judgment is affirmed, with costs.　　　*Affirmed.*